People v Gigliotti (2019 NY Slip Op 01013)





People v Gigliotti


2019 NY Slip Op 01013


Decided on February 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


138 KA 16-02357

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LEAH GIGLIOTTI, DEFENDANT-APPELLANT. 






BRIDGET L. FIELD, ROCHESTER, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (STEPHEN X. O'BRIEN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered November 23, 2016. The judgment convicted defendant, upon her plea of guilty, of kidnapping in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of kidnapping in the second degree (Penal Law § 135.20). We agree with defendant that her waiver of the right to appeal does not encompass her challenge to the severity of the sentence. "[N]o mention was made on the record during the course of the allocution concerning the waiver of defendant's right to appeal [her] conviction that [she] was also waiving [her] right to appeal any issue concerning the severity of the sentence" (People v Testerman, 149 AD3d 1559, 1559 [4th Dept 2017] [internal quotation marks omitted]; see People v Lorenz, 119 AD3d 1450, 1450 [4th Dept 2014], lv denied 24 NY3d 962 [2014]). Furthermore, " [a]lthough the record establishes that defendant executed a written waiver of the right to appeal, there was no colloquy between [Supreme] Court and defendant regarding the [written] waiver of the right to appeal to ensure that' defendant was aware that it encompassed [her] challenge to the severity of the sentence" (People v Avellino, 119 AD3d 1449, 1449-1450 [4th Dept 2014]). Nonetheless, we conclude that the negotiated sentence is not unduly harsh or severe. Defendant was charged by indictment with, inter alia, four counts of kidnapping in the first degree, a class A-I felony. She was permitted to plead guilty to one count of kidnapping in the second degree with the understanding that she would receive the agreed-upon sentence.
Entered: February 8, 2019
Mark W. Bennett
Clerk of the Court